Petroplus, Judge:
This claim is presented for determination on a Stipulation of Facts submitted by the Attorney General’s Office.
The Stipulation states that Bobby Joe Honaker was driving on State Route No. 80 on February 26, 1968, at 2:30 P.M., at which time and place a State Road crew was cutting and chipping stones on the side of mountain along State Route No. 80. As Mr. Honaker passed the work area a rock came down the side of the hill and hit the left rear of his car causing damage in the amount of $79.26. The Respondent further stipulated that the amount of damages as alleged is reasonable.
Neither the Claimant’s Petition nor the Stipulation sets forth any facts to establish liability for damages to the automobile of Mr. Honaker. The claim is presented by the Insurance Claimant by way of subrogation. The case of Adkins, et al v. Sims, 130 W. Va. 646, establishes as a principle of law in West Virginia that there is no moral obligation on the part of the State to compensate a person who is injured on a public highway of the State. The State is not an insurer of the safety of the roads and highways.
Inasmuch as the Stipulation fails to disclose any facts other than a falling rock in a work area, it is the opinion of the Court that public funds should not be paid to reimburse the Claimant unless it is clearly established that there is a moral obligation on the part of the State to pay compensation. No facts are presented that the injury sustained was the result of *181 the negligence of the State Road Commission or any of its agents and employes. No fault is attributed to any employee working on the road, on the right-of-way or on abutting property privately owned. The State does not, and cannot, assure a traveler a safe journey in a mountainous country, where many roads are narrow, with steep grades and sharp curves. An unexplained falling of a rock down a hillside does not satisfy the requirement of proof that the rock fell because of the failure of the road crew to exercise reasonable care in its work area, or as the result of conditions which the State Road Commission was instrumental in creating or maintaining. A negligent or wrongful act should be alleged.
The opinion expressed herein necessarily calls for a dis-allowance of the claim on the basis of the Stipulation filed. If an award would be made in this case, a precedent would be created to require compensation to every person injured on the highways of the State, and thereby impose an absolute liability on the State to maintain its roads in a safe condition.
Claim disallowed.